## A. W. WILLEFORD V. THE STATE.

No. 22612.   Delivered November 10, 1943.

The opinion states the case.

*Randolph Pierson,* of Galveston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a judgment assessing a penalty of two years in the penitentiary on a jury's verdict finding him guilty of theft. The appeal is presented to us without a statement of facts and we are asked to appraise the one bill of exception solely upon the bill itself, unaided by anything else in the record.

Complaint is made that the assistant county attorney, in arguing the case to the jury, said: "If any of you gentlemen feel that he is guilty you should so find him guilty." An objection to the remark was sustained by the cautious trial court who admonished the jury not to consider said statement and to disregard same. There is nothing in this bill to exclude the possibility, or even the probability, that the remarks of the attorney were called for by something in the record or some previous remark by appellant's counsel. We are not advised whether this was made in the opening or closing argument, whether it was

preceded by a predicate stating the law of reasonable doubt, a reference to the court's charge on the subject, or otherwise. In the failure to negative these, we are unable to say that there is error in the argument.

The bill quotes the further language of the oral statement made by the judge to the jury: "You are to disregard the remarks made by Counsel and be guided by the charge of the Court as given to you, however, it is entirely up to you as to whether you believe the defendant is guilty or not." Assuming, as we probably should in the state of the record, that the court's instruction to the jury to disregard the argument was appropriate, we may be called upon further to consider whether or not his oral statement eliminated the written charge on the burden of proof and reasonable doubt. Considering the entire sentence as quoted, it would be fanciful construction and a super-critical view to say that it had that effect. The jury were admonished in the statement to follow the charge and then were told that it was for them, not the court or counsel on either side, to determine the question of guilt. This they were to do under his charge.

We cannot conceive of an intelligent jury being misled or misdirected. The judgment of the trial court is affirmed.